## THE TOWN OF HAMDEN *vs.* NATHAN P. MERWIN.

New Haven Co., June T., 1886. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and GRANGER, JS.

*J* being pregnant with an illegitmate child, the defendant executed a bond
to the plaintiff town by which, on condition that neither the town nor
the parents of *J* would institute any legal proceedings against him on
account of her condition or for the support of the child or of the
mother, he covenanted that the child should not become a charge to
the town during such time as the father would by law be liable for its
support, the amount not to exceed that to which such father would by
law be liable and the town to give him one week's notice before tak-
ing any legal steps for the support of the child or its mother. Upon
a demurrer to a complaint setting out the bond, in a suit brought by
the town upon it, it was held—
1. That the bond was not void for uncertainty as to the amount for which
   the defendant was liable, nor as to the time the liability should con-
   tinue.
2. That it was not void as an agreement that no criminal prosecution
   should be brought against the defendant. The "legal proceedings"
   referred to being civil proceedings, which alone the town, or the pa-
   rents of *J*, or she herself could have instituted.
3. That the provision for one week's notice before taking legal steps for
   the support of the child, had no reference to a suit on the bond.
The plaintiff alleged that, in addition to the support of the child, it had
   been compelled to pay for its burial, and stated a certain sum as the
   total expense. Held not to be a ground of demurrer that the defen-
   dant was not liable for the expenses of the burial and that it could not
   be seen from the complaint how much of the total expense was for the
   child's support. In the trial of the case on its merits any items that
   the plaintiff was not entitled to recover, would be rejected by the court.
Where a contract will bear two constructions, one of which would make
   it legal and the other illegal, that which will make it legal will be
   given to it.

[Argued June 1st—decided June 28th, 1886.]

ACTION on a bond; brought to the Court of Common

Pleas in New Haven County.   Complaint demurred to, and case reserved on the demurrer for the advice of this court. The case is fully stated in the opinion.

*W. H. Ely*, in support of the demurrer.

*J. W. Alling* and *J. H. Webb*, contra.

PARK, C. J.   The case stands on a demurrer to the complaint, the declaratory part of which is as follows :—

1. On December 7th, 1883, the defendant, in consideration of the agreements on the part of the plaintiff therein contained, executed and delivered under seal a contract with the plaintiff, of which the following is a copy : "Know all men by these presents that I, Nathan P. Merwin, of the town of Woodbridge, in the county of New Haven, in consideration that neither the town of Hamden in said county, nor the parents of Jennie L. Downs of said Hamden, do institute any legal proceedings against me of any kind or nature on account of the said Jennie L. Downs being pregnant with an illegitimate child, or for the support of said illegitimate child, or for the support or nursing of the said Jennie L. Downs during her confinement, do hereby covenant and agree to and with the said town of Hamden and with the selectmen thereof,  that said child of said Jennie L. Downs shall not be or become a charge or expense to said town of Hamden nor to the selectmen thereof during such time as, under the statute laws of this state, the person accused of begetting such child would be liable for the support of such child, and only to an amount not exceeding the amount to which, under said statute laws, the person accused of begetting such child would be liable ; and provided that neither said town nor the selectmen thereof shall furnish any money or supplies to said Jennie L. Downs nor to said illegitimate child when born, nor take any legal proceedings for the support of said child or the mother thereof, without giving me notice in writing one week prior thereto of the intention to do so, and provided that neither said

town of Hamden nor the said Jennie L. Downs nor the parents of said Jennie shall institute any legal proceedings for either the support of said child, or for causing the pregnancy of said Jennie L. Downs, with the consent of said town. In witness whereof I have hereunto set my hand and seal this 7th day of December, A. D. 1883.

"NATHAN P. MERWIN, [L. S.] "

2. On December 6th, 1883, the illegitimate child referred to in said contract was born to the said Jennie L. Downs.

3. Said Jennie at the time of the birth of said child had a legal settlement in said town of Hamden.

4. On or about January 1st, 1885, said illegitimate child became in need of care and support, and the mother thereof (the said Jennie) applied to said selectmen for assistance in the care and support of said child.

5. On January 14th, 1885, said selectmen gave notice in writing to the defendant that said illegitimate child was in need of care and support and about to become a charge and expense to said town of Hamden, and that, unless sooner relieved and cared for by the defendant, said selectmen would on January 21st, 1885, begin to incur charges and expense in the necessary care and maintenance of said child, for which said town of Hamden would hold the defendant responsible pursuant to said contract.

6. The defendant neglected and refused to do anything for the care and support of said child.

7. On January 21st, 1885, the plaintiff began to incur expense in the necessary care and support of said child, and continued to incur such expense until the death of said child on or about July 19th, 1885, when the plaintiff was further obliged to pay and did pay the necessary expenses of its proper burial.

8. The total expense thus incurred by the plaintiff was $103.21.

9. The defendant has neglected and refused to pay the same or any part thereof.

10. The plaintiff has duly kept and performed all the conditions of said contract on its part.

The plaintiff claims $125 damages.

The plaintiff afterwards amended the complaint as follows:—

The plaintiff amends the complaint by substituting for paragraph seven the following:—

7. On January 21st, 1885, said illegitimate child was, and for more than one month prior thereto had been, and continued thereafter until its death to be, a poor inhabitant, having a legal settlement in said town of Hamden, and not having estate sufficient for its support, and having no relations of sufficient ability who were obliged by law to support it, and the mother of said child being unable to contribute anything for its support, the plaintiff on said last mentioned day began to incur expense in the necessary maintenance and support of said child, and continued to incur such necessary expense and furnish such necessary support until the death of such child on or about July 19th, 1885, when, because of the inability of the mother of said child or any of its relatives who were obliged by law to support it, to defray the expense of the burial, the plaintiff was further obliged to pay, and did pay, the necessary expenses of its proper burial.

7½. That the period during which said support and maintenance were so furnished by the plaintiff to said pauper child, was within the time during which, under the statute laws of this state, the person accused and found guilty of begetting an illegitimate child would, at the suit of a town, be liable for the support of such illegitimate child, and did not exceed the amount to which under said statute laws such person so found guilty would be liable to said town.

The plaintiff further amended the complaint by adding thereto the following paragraph:—

11. Neither the plaintiff nor the parents of said Jennie L. Downs, nor the said Jennie, either with or without the consent of the plaintiff, have ever instituted any legal proceedings against the defendant of any kind or nature on account of said Jennie being pregnant with an illegitimate child, or for causing said pregnancy, or for the support of

said illegitimate child, or for the support or nursing of the said Jennie during her confinement.

The defendant demurred to the entire complaint as amended, stating the following grounds of demurrer:—

1. The matters and allegations therein contained are insufficient in the law to entitle the plaintiff to the relief sought.

2. The said pretended agreement in writing set forth in the complaint is void for uncertainty, and because it is impossible to ascertain from the terms of said pretended agreement what amount the defendant should pay the plaintiff under the same and during what time the claimed liability of the defendant should continue thereunder to exist; and because said pretended agreement does not fix any definite standard by which either the amount to be paid thereunder or the time during which the same should be paid can be ascertained with any degree of certainty, and said pretended agreement is in all respects of too vague and indefinite a character to be capable of being enforced.

3. It is an express condition precedent of said pretended agreement that the plaintiff town and the selectmen thereof shall not take any legal proceedings for the support of said child or the mother thereof without giving the defendant notice in writing one week prior thereto of the intention to do so; and it nowhere appears or is alleged in said complaint that the plaintiff did give the defendant such notice as is required by the aforesaid terms of said pretended agreement.

4. It is not alleged and does not appear from said complaint that the amount now sought to be recovered does not exceed in any one week during which the plaintiff claims to have furnished support to said child, the amount which the defendant is claimed to have contracted to pay under the terms of said pretended agreement.

5. It is not alleged and does not appear from said complaint that the defendant has not already paid all he ever contracted to pay by the terms of said pretended agreement for the support of said child while living.

6. It is not alleged and does not appear from said complaint that the defendant has ever refused to pay all expenses for the support of said illegitimate child while living, that he ever agreed to pay by the terms of said pretended agreement.

7. It does not appear that the amount expended by the town, and which it now seeks to recover, did not exceed the amount the defendant agreed to pay.

8. It does not appear from the copy of said pretended agreement contained in the complaint, that the defendant did ever agree to pay anything for the funeral expenses of said child of said Jennie L. Downs; yet in said complaint he is charged with the same along with, and inseparably mixed with, what is claimed by the plaintiff to have been expended for the support of said child while living, and the defendant has no means of ascertaining from said complaint how much of said expense was for funeral expenses and how much was for support.

9. It is not alleged and nowhere appears in said complaint that the plaintiff ever gave the defendant any notice in writing one week prior thereto of the plaintiff's intention to furnish any money for the funeral expenses of said child.

10. It is not alleged and does not appear from said complaint that the amount claimed to have been expended by the plaintiff for expenses for the support of said child while living, is equal to the sum of one hundred dollars, so that this court has any jurisdiction of this case.

The defendant insists that under his first ground of demurrer he has the right to claim that the agreement, entered into between the plaintiff and himself, which is the foundation of this suit, is void, because the plaintiff therein agreed that it would not institute any criminal proceeding against him on account of the pregnancy with an illegitimate child of the female therein named.

The statement of this ground of demurrer is as general as language could make it, and is clearly in conflict with the second section of the Practice Act, which declares that " all

demurrers shall distinctly specify the reasons why the pleadings demurred to are insufficient."

But there is no foundation for the claim, even if it could be considered. The proceedings described in the contract are civil proceedings. The town could not possibly institute any other proceeding; neither could the parents of Jennie L. Downs, nor she herself.

Again, if the contract was ambiguous in this respect, if it was susceptible of a construction that would make it illegal, as well as one that would make it legal, it should have the legal construction, for illegality is never to be presumed.

The defendant's second ground of demurrer sets forth, substantially, that the contract is void for uncertainty, because, it is said, it is impossible to ascertain by it how much the defendant was to pay the plaintiff, and during what time his liability was to continue.

The duration of the defendant's liability under the contract is thus stated in it:—" During such time as, under the statute laws of this state, the person accused of begetting an illegitimate child would be liable for the support of such child." And the amount of the defendant's liability is thus described:—" And to an amount not exceeding the amount to which, under said statute laws, the person accused of begetting an illegitimate child would be liable."

If a person should be brought before a proper court and found guilty of begetting an illegitimate child, the court would not find it difficult to determine what sum he should pay per week for the support of such child, nor during what time the payment should be made. And why should there be any difficulty here? The defendant leaves the matter in his contract to be determined in the same way in a suit on the contract, if the parties cannot agree between themselves. The contract refers to the statute for the amount of the defendant's liability and the duration of it. The statute provides a mode to determine the matter. The reference then is to the statutory mode for the determina-

tion of these questions. We think this ground of demurrer is untenable.

The third ground of demurrer is based upon the clause in the contract which requires that one week's notice to the defendant shall be given before legal proceedings shall be taken, and the claim is that the complaint does not state that such notice was given before the institution of this proceeding.

The notice required by the contract had no reference to a suit brought for a breach of the contract the defendant was then entering into, but, if it applies to the bringing of suits at all, to proceedings brought directly to compel the defendant to support the illegitimate child. This suit was not brought for such support. That had been rendered by the plaintiff when it was instituted. It was brought to compel the defendant to make restitution to the plaintiff under his contract, for expenses incurred in such support, and the contract required no notice to be given before it was brought.

Paragraph seven of the complaint sets forth that the child in question was a pauper; that it had a legal settlement in the plaintiff town; that the plaintiff was compelled to provide, and did provide, necessary care and support for the child from the twenty-first day of January 1885, till the time of its death in the month of July of the same year, when the plaintiff was compelled to pay, and did pay, the necessary expenses of its burial; and that all such expenses amounted to the sum sought to be recovered in this suit. Paragraph seven and a half sets forth that the period during which the support and maintenance were so furnished by the plaintiff was within the time during which, by the statute laws of this state, a person found guilty of begetting an illegitimate child would at the suit of a town be liable for the support of such child, and that it did not exceed the amount to which under the same statute such person would be liable to the town. Paragraph nine sets forth that the defendant neglected and refused to pay any part of such necessary expense so incurred by the plaintiff for the

support and burial of the pauper child. Paragraph six sets forth that the defendant neglected and refused to do anything for the care and support of the child. These paragraphs fully answer the fourth, fifth, sixth and seventh grounds of demurrer.

Under the eighth ground of demurrer it is alleged that the defendant never agreed to pay for the funeral expenses of the child, but that the plaintiff has included such expenses in the amount it seeks to recover in damages, and the defendant cannot tell how much was expended in the support of the child, and how much in its burial.

We do not see how this can make the complaint insufficient if the facts be as alleged. The *ad damnum* clause governs the jurisdiction of the court, and not what the plaintiff recovers on the trial.

If the funeral expenses cannot be taken into consideration in the trial of the cause upon its merits, the court will reject them.

The ninth and tenth grounds of demurrer need not be considered further than they have already been in the consideration of the other questions in the case.

We advise the Court of Common Pleas that the complaint is sufficient.

In this opinion the other judges concurred.