FRANCIS v. EARLE.

(Circuit Court, D. Connecticut. December 16, 1896.)

No. 449.

1. PLEADING—DEMURRER—EVIDENCE.
   An answer, in a suit on certain notes, alleging that they were delivered under an agreement that they might be renewed at maturity, is not demurrable, on the ground that such agreement is not contained in the notes. The court cannot assume that the defendant will rely on oral evidence to support the defense.

2. SAME—ACTION ON NOTES—AGREEMENT FOR RENEWAL.
   The fact that notes, alleged to have been delivered under an agreement that they might be renewed at maturity, have not been so renewed, is no defense to an action thereon, where there is no allegation of notice by the defendant of his election to renew.

3. SAME—AGREEMENT TO DELIVER STOCK.
   An answer alleging that the notes sued on were made in consideration of plaintiff's agreement to deliver to defendant certain shares of stock, and that such shares have not been delivered or tendered, but not alleging that the delivery was to be made prior to the payment of the notes, does not allege a breach of the agreement, and is, therefore, demurrable.

T. M. Maltbie, for plaintiff.
J. K. Beach, for defendant.

TOWNSEND, District Judge. This is an action on certain promissory notes. The second and third defenses are as follows:

Second defense: "(1) Said notes were delivered upon the condition and agreement that they should be renewed at maturity. (2) Said notes were not so renewed."

Third defense: "(1) The sole consideration for said notes was the agreement of the plaintiff to deliver certain shares of stock to the defendant. (2) Said shares of stock have not been delivered, nor has the plaintiff tendered the same to the defendant."

To the second defense plaintiff demurs for the following reasons:

"(1) Because the condition and agreement alleged therein are not contained in said notes, and are at variance with the terms of the same. (2) Because it is not therein alleged that the defendant, at the maturity of said notes, offered to renew the same."

In support of the first ground of demurrer, plaintiff cited various authorities, to the effect that evidence of an oral agreement providing that the terms of a written contract shall not be performed is not admissible to contradict such contract. How far this rule

is applicable to the original parties to the contract, it is not now necessary to consider. Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816. If the defendant herein had delivered the notes upon a condition and agreement, expressed in writing, that they should be renewed at maturity, such writing would be admissible in this action to show what was the actual agreement between the parties. In the absence of any allegation in the pleadings as to whether the alleged agreement was an oral or written one, this court cannot assume, on demurrer, that the defendant will rely upon oral evidence to support his defense. Van Epps v. Redfield, 68 Conn. 39, 45, 35 Atl. 809. The first ground of demurrer to the second defense is overruled.

By the second ground of demurrer the plaintiff avails himself of the familiar rule that a party who relies upon a personal privilege provided for in a contract, and of which he may or may not avail himself at his election, must show that he has elected to avail himself thereof. Here, the notes, by their terms, were payable at a certain time and place. If the defendant wished to avail himself of his alleged privilege to renew said notes, it was his duty seasonably to notify the plaintiff, and, unless he did so, the fact that said notes were not renewed, would constitute no defense. There is no allegation of any such notice. The second ground of demurrer to the second defense is sustained.

To the third ground of defense the plaintiff demurs for the following reasons:

"(1) Because it is not therein alleged that said stock was to be delivered or tendered prior to the payment of said notes. (2) Because there is no allegation that there is a failure of the consideration for said notes."

This point is well taken. For aught that appears, the time agreed upon for the delivery of the stock may have been subsequent to the delivery of the note, and to the present time. An agreement to deliver stock may be a good consideration for a note. The third defense does not allege that the agreement to deliver stock has been violated. The demurrer to the third defense is sustained.