## ESTHER SANGER
vs.
## CITY OF BRIDGEPORT

Superior Court     Fairfield County     File #42954

Present:   Hon. CARL FOSTER, Judge.

Theodore Steiber,             Attorney for the Plaintiff.

Harry Schwartz,             Attorney for the Defendant.

**MEMORANDUM FILED FEBRUARY 16, 1937.**

FOSTER, J. In this case plaintiff claims damages from the City of Bridgeport for injuries received by her on September 8, 1932 by reason of a fall, which she alleges was caused by a hole in a sidewalk constituting a defect therein. Since instituting the action the plaintiff has died and the administrator of her estate has entered as plaintiff.

The defendant City submits as a second defense the allegation that the plaintiff's decedent did not institute her action within 60 days after the time she received her injuries, and

that the only written notice given to it by the plaintiff's decedent of her injuries was in the following words:

"Bridgeport, Connecticut, Sept. 9, 1932.

To the Honorable Common Counsel,
    City of Bridgeport.

Gentlemen:

The undersigned hereby petition your Honorable body for reimbursement for injuries sustained as the result of a fall on defective sidewalk on Shelton Street, between Joseph and William Streets (South side going towards the river) on Thursday, Sept. 9, 1932, at about 9:30 P.M.

MRS. ALBERT SANGER
per (signed) Ella T. Esmond.

44 Joseph Street
Received 9/9/32 at 12:30 at City Clerk's Office p.m."

To this second defense the plaintiff replies that the notice was prepared by an assistant to the City Clerk, upon whom the plaintiff's decedent relied for the preparation of the notice and to whom she gave the essential facts necessary to prepare a notice according to statute. The plaintiff has filed an amended reply, wherein he alleges that the Connecticut Legislature of 1935 by Special Act validated the notice set forth in the defendant's answer.

To the reply as amended the defendant demurs on four grounds:

1.   The reply does not constitute a legal defense to the affirmative allegations of the second defense of the answer.

2.   The giving of a notice in manner and form required by statute is a condition precedent to the maintenance of the plaintiff's action.

3.   The assistant to the City Clerk had no power to waive compliance by the plaintiff with the statutory requirement relative to notice, and his act does not estop the defendant from taking advantage of the plaintiff's failure to meet the statutory requirements as to notice.

4.   The Special Act upon which the plaintiff relies is invalid, without legal force and effect and is unconstitutional.

The first ground of demurrer is general and not special and is, therefore, of no force and effect.

**General Statutes, Section 5507.**

**Town of Hamden vs. Merwin, 54 Conn. 418, 422.**

**Walko vs. Walko, 64 Conn. 76.**

**Town of Norwalk vs. Ireland, et al, 68 Conn. 116.**

**Bristol vs. N. E. R. R. Co., 70 Conn., 305, 318.**

The second and third grounds of demurrer are clearly and specifically upheld by decisions of our Supreme Court of Errors.

> "The giving of such a notice as the statute requires is a condition precedent to the maintenance of the action, the obligation to comply with the statute rests upon the plaintiff, and knowledge of the facts by officers of the city will not obviate the necessity of such compliance."
> **Nicholaus vs. City of Bridgeport, 117 Conn. 398, 401.**

The fourth ground of the demurrer is not simple. Counsel for plaintiff and defendant have greatly aided the court by their research, the results of which appear in their extended briefs. Counsel are so familiar with the claims made by each other and the cases cited by each, that I shall not enter upon lengthy argument or citation of cases in support of my conclusion.

A municipality is not liable under the common law to pedestrians or others for negligence in the maintenance of its highways. Under statute law it is bound to use reasonable care to maintain its highways in a reasonable state of repair for the reasonable use of travelers thereon. By statute a failure of a municipality to perform such duty gives to one injured by such failure a right of action against the municipality, provided such right of action is pursued in accordance with statute law. No person has a right of action against a municipality for injury caused by a defect in a highway, due to failure of the municipality to perform its statutory duty relative to such highway, unless or until he gives to the municipality notice of such injury as required by statute, or unless he instituted his action within the statutory period for giving such notice.

The notice required by statute is as follows:

"Written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence shall, within 60 days thereafter, or, if such defect shall consist of snow or ice or both, within 10 days thereafter, be given to a selectman of such town, or to the clerk of such city or borough, . . . . unless the action shall be commenced by complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence within the time limited for the giving of such notice . . ."

A comparison of the notice given with that required by statute discloses clearly that the notice given does not comply with the statutory requirements. This action purports to have been instituted more than 60 days, to wit, on September 7, 1933, after the alleged injuries were received.

The Legislature of the State at its 1935 session passed the following Special Act:

"Section 1. The notice dated September 9, 1932, and filed on said date with the City Clerk of the City of Bridgeport concerning injuries received on September 8, 1932, by the late Esther Sanger of said Bridgeport, is validated and deemed sufficient to maintain and prosecute to final judgment and appeal, by her legal representatives, an action entitled 'Esther Sanger vs. The City of Bridgeport', commenced September 7, 1933, and returned to the October Term, 1933, of the Superior Court in and for Fairfield County, wherein said action is now pending."

**Special Acts of 1935, page 298.**

The wording of the Act is ungrammatical, and its wording, when critically examined and analyzed, is difficult to construe. It provides that the notice given is "validated". The notice given was neither valid nor invalid. It was no notice, when measured by the statutory requirements. The Act contains the words, "is validated and deemed sufficient to maintain and prosecute to final judgment and appeal, by her legal representatives, an action entitled "Esther Sanger vs. The City of Bridgeport". The notice does not maintain and prosecute an action. Assuming that what was intended was 'is validated and deemed sufficient for the maintenance and prosecution

to final judgment and appeal by her legal representatives, an action, etc.", then we are faced by the fact that no action was commenced on September 7, 1933 which followed the procedure set forth in the Act. This is so, because a statutory notice is a condition precedent to the instituion of an action, unless the action be commenced within 60 days after the receipt of the alleged injury. The statutory notice is more than a mere notice of character of injury and time and place of its occurrence. No right of action is created, until such a legal notice is served upon the municipality.

**Crocker vs. Hartford, 66 Conn. 387, 391.**

**Nicholaus vs. Bridgeport, supra.**

Since there was no legal notice served before September 7, 1933, what purports to be an action commenced on that date was void from the beginning; it never came into being, except as to form; documents in the form of pleadings have been drafted and filed in court, but no action exists. Therefore there never was and is not now any action upon which this Special Act may be effective.

So much of the fourth ground of the demurrer as claims that the Special Act is invalid and without legal force and effect must be sustained.

As to the constitutionality of the Special Act, this court is mindful that statutes will not be held to be unconstitutional, except where such result is clear and compelling; and especially is this so, when the acting court is other than a court of last resort.

The defendant offers numerous arguments in support of its contention that this Act is unconstitutional. One is most persuasive. This Special Act purports to provide that the representatives of this decedent may prosecute this action without a legal notice having first been served on the City of Bridgeport of the injury received by the decedent; while all other persons are excluded from such privilege. This is class legislation of the most pronounced type.

I hold the Special Act to be unconstitutional and void and of no effect.

The demurrer to the plaintiff's reply as amended is sustained on the second, third and fourth grounds.