FLORENCE CICHY *v.* JAN KOSTYK

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE NO. 62495

Memorandum filed April 12, 1955.

*Francis V. Tracy,* of Bristol, for the plaintiff.

*Upson & Secor,* of Waterbury, for the defendant.

FITZGERALD, J. Certain preliminary observations are deemed to be in order. It is the universal rule of the common law that a putative father is under no legal obligation to support his illegitimate child and cannot be compelled to do so. 7 Am. Jur. 673 § 69, 679 § 79. Here in Connecticut the legal obligation of such support is enforceable by bastardy proceedings based upon statutory enactments. *Van Epps* v. *Redfield,* 68 Conn. 39, 47. These statutes are now contained in chapter 400 of the General Statutes.

Plaintiff's complaint alleges that she gave birth to a bastard child; that on November 16, 1954, as appears in file No. 60115 of this court, the defendant was adjudged to be the father of said child; and that to date he has not contributed to the support of said child, for which contribution is now sought. Defendant demurs on the ground that "it does not appear, nor is it alleged, that the defendant is under any duty to contribute to the maintenance and support of the child referred to in the complaint."

In the interest of justice the court has taken judicial notice of the contents of the file in the earlier action. The judgment therein recites that "it is adjudged that the defendant is the father of said bastard child," and orders him to "pay to the plaintiff the sum of $173.53, being one-half of the lying-in and nursing expenses." No order was entered regarding future support of the child by the defendant, or the giving of a bond by him with sufficient surety to perform orders relating to maintenance and lying-in and nursing expenses.

So also the court has examined a transcript inserted in that file which gives a verbatim recital of the findings of the then presiding judge. It expressly appears that the entry of an order for future support of the child was denied, with direction only that the defendant stand committed until the sum of $173.53 was paid by him.

Granting that the defendant's paternity of the child may be said to be res judicata in view of the judgment of record, it does not follow that the allegations in the present complaint are sustainable in law as to support a stated cause of action. No statute, principle of common law, or contract between the parties has been directed to the attention of the court by the plaintiff. That the disposition in the bastardy case was somewhat unusual, and may even amount to an injustice to the plaintiff therein, who is also the plaintiff in the present action involving the same parties, does not overcome the thrust of the interposed demurrer.

Further discussion is not required.

Demurrer sustained.