[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a six count complaint against a multitude of defendants alleging in the first count wrongful termination of employment; breach of express contract in count two; breach of implied contract in count three; false arrest in count four; malicious prosecution in count five; and, intentional infliction of emotional distress CT Page 113 in count six. The defendants collectively have filed a motion to strike all six counts and rely on qualified governmental immunity and the exclusivity provisions of the Workers' Compensation Act. This court, on August 13, 1991, granted a motion to strike as to counts one, two and three and denied it as to counts four, five and six. The plaintiff, in the absence of a written memorandum of decision by the court, has moved under Sec. 156 of the Practice Book for articulation and the motion is, accordingly, granted.
The clerk found that the first three counts of the complaint were indeed precluded by the doctrine of immunity as the acts complained of were discretionary in nature. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161,165-72; Shore v. Stonington, 187 Conn. 147.
Counts four, five and six survived the motion to strike because each of those counts contained allegations of malice, wantonness and/or intent to injure. Such allegations are not barred by the doctrine of municipal immunity. See Gordon v. Bridgeport Housing Authority, supra. The defense gains nothing by attempting to invoke the exclusive remedy provision of the Workers' Compensation Act as allegations of malice or intent to injure do not fall within the letter or the spirit of the exclusivity provision. See Shales v. Fravengless, 4 CSCR 423 (May 16, 1989, Freed, J.); Hatcher v. Bullard Co., 39 Conn. Sup. 250, 25253 (citing therein Hollman v. Liberty Mutual Ins. Co., 712 F.2d 1259, 1262
(8th Cir. 1983)).
An order may enter in accordance with the foregoing.
Moraghan, J.