[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs' action is in three counts. The first count alleges a wrongful foreclosure of a construction mortgage on real property owned by the plaintiffs. The second count, which was revised by the plaintiffs, and the third count allege that the defendant "unreasonably refused" to enter into non-disturbance agreements regarding the plaintiffs' property, thereby causing plaintiffs to sustain injury.
The defendant moved to strike the second and third counts, as well as the second and third paragraphs of the prayer for relief, on the ground that the allegations and prayer for relief CT Page 1465 were legally insufficient to state a claim upon which relief can be granted. The second paragraph of the prayer for relief is a request for "punitive damages and attorneys' fees pursuant to the Connecticut Unfair Trade Practices Act and Common Law." The third paragraph of the prayer for relief is a request for an "[e]quitable avoidance of the note and mortgage." The prayer for relief is applicable to each of the three counts of the revised complaint.
The first count of the complaint alleges a breach of contract. This is an action at law and there are no allegations of wanton or wilful malicious misconduct as a basis for the demand for punitive damages. Nor is there a claim that the contract provides for the awarding of attorneys' fees. "`To furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought . . .'" Seymour v. Carcia,24 Conn. App. 446, 451 (1991).
While the first count of the complaint clearly alleges a breach of contract, there is nothing in the allegations to put on notice the defendant or the court that the plaintiffs also intend to make a claim of a violation of the Connecticut Unfair Trade Practices Act. If the relief sought does not correspond with the allegations in the complaint, it is demurrable. Van Epps v. Redfield, Admin., et al, 68 Conn. 39, (1896). The defendant's motion to strike the prayer for relief pursuant to CUTPA and the common law, as well as the prayer for relief by way of equitable avoidance of the note and mortgage is granted as to count one.
The gravamen of the allegations of counts two and three is that the defendant refused to sign non-disturbance agreements regarding plaintiffs' property. The plaintiffs do not allege any kind of agreement between the parties binding the defendant to sign such documents. A "common definition of a contract is that it is a legally enforceable agreement." Calamari Perillo, Contracts, 1-1 (2d ed.). A contract, implied or express, depends on actual agreement. Therrien v. Safeguard Mfg. Co.,180 Conn. 91, 94 (1980). "An agreement is a manifestation of mutual assent on the part of two or more persons." Restatement, Contracts 2d 3.
Although the plaintiffs argue that every contract has an CT Page 1466 obligation of good faith and fair dealing, there is no allegation of the existence of any agreement that obligated the defendant. Counts two and three are legally insufficient to state a claim upon which relief can be granted.
The motion to strike counts two and three, and correspondingly, the relief sought under those counts, is granted.
BY THE COURT:
Leander C. Gray, Judge