[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants move to strike the third count of the plaintiff's amended complaint on the grounds that it fails to state a claim upon which relief can be granted.
Count three claims that property transferred to the wife of the defendant debtor was fraudulently conveyed. The motion to strike alleges that the defendant filed a petition in bankruptcy after the commencement of the suit and a discharge has been issued. No action was filed in these proceedings by the plaintiff to avoid the discharge or preserve the debt. The defendants' brief goes on to argue that once a debt is discharged a creditor in the plaintiff's position cannot bring an action seeking avoidance of an alleged fraudulent transfer. In re VanBrock, 33 B.R. 546 (S.D. Fla. 1983); Dicky v. Thompson, 18 S.W.2d 388 (Mo., 1929). CT Page 9508
All of this may very well be true but it does not form the basis of a motion to strike. Such a motion admits all well pleaded allegations. A so-called speaking motion to strike referring to facts outside the pleadings — cannot be granted. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181
(1979). A motion to strike arises out of the demurrer at common law.
 . . . "a demurrer must stand or fall on the legal sufficiency of the allegations in the pleading demurred to. No additional facts can be alleged in the demurrer. A demurrer which alleges new facts is known as a `speaking demurrer' and is as bad today as it was at common law."
Stephenson, Conn. Civil Procedure, Vol. I; 116b, p. 471.
The only exception to this that Stephenson notes is where the basis of the demurrer is a failure to join a necessary party. Also, a demurrer may be used where a relief demanded doesn't correspond to the allegations of the complaint. VanEpps v. Redfield, 68 Conn. 39 (1896).
Neither of these exceptions applies here. The motion to strike is denied.
Corradino, J.