[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 105
The plaintiffs, Richard Marshall, Margaret Marshall, Donna Ruth Meagher, Catarina Milinare and Reto Morosani, commenced this action against the defendant, Bessemer Trust Company, to recover for an alleged breach of a fiduciary duty on the part of the defendant. The plaintiffs are beneficiaries of the will of Barbara Mortimer, who died in February 1993, and the defendant is a co-executor of that will. The complaint centers on a major asset of the decedent's estate, a piece of property and improvements thereon located in Litchfield, Connecticut, which is known as Normandy Farm. The gravamen of the plaintiffs' complaint is that the defendant breached its fiduciary duty to the plaintiffs by selling this piece of property for a price that was below both the fair market value and offers received from other parties. The defendant now moves to strike the fourth count of the revised CT Page 4523 complaint, and the first and second prayers for relief.
The plaintiffs' revised complaint contains five counts. The first three counts, which are not subject to this motion, allege that the defendant breached a fiduciary duty owed to the plaintiffs. The fourth count, which is the subject of this motion, alleges that the decedent's will devised to the plaintiff Richard Marshall approximately seven acres of land, which is encumbered by building restrictions that would prevent any construction on the parcel until the year 2004. The plaintiff Richard Marshall negotiated with Austin Power and Angelo D. Campanile, Senior Trust Officer of the defendant, to acquire ten acres of land in substitution of his remainder interest in the seven acres. A written offer was sent by Campanile to Richard Marshall describing the ten acres of land to be conveyed, the terms for which transfer the parties were to negotiate further. The plaintiffs allege, however, that the property was sold to other parties and Richard Marshall was not given adequate notice to exercise his option to purchase the property. The plaintiffs also allege that the defendant thereby tortiously interfered with Richard Marshall's right to obtain ten acres of land free and clear of building restrictions. The fifth count alleges the defendant breached its obligation under the will and is not subject to this motion. The first prayer for relief seeks "[m]oney damages within the jurisdiction of this Court" and the second prayer for relief seeks a "reasonable attorney's fee."
The defendant now moves to strike the fourth count and the first and second prayers for relief to the revised complaint. The defendant originally filed a motion to strike in October 1994, but the motion did not separately state the reasons for the claimed legal insufficiency, as required by Practice Book Sec. 154. The plaintiffs filed an objection to the motion to strike and attached a memorandum in opposition. Subsequently, the defendant filed a request to amend its prior motion to strike so that it could set forth the claimed reasons in his motion. Under Practice Book Sec. 176, "a party may amend his pleadings or other parts of the record or proceedings . . . (c) by filing a request for leave to file such an amendment." Id. The defendant did not attach a memorandum of law to its amended motion, but instead referred the court to its previously filed memorandum. The plaintiffs did not object to the defendant's request to amend his motion to strike. Since the motion to strike is now in its proper form, and there has not been an objection to the defendant's request to amend its motion, the court may consider the merits of the motion to strike. CT Page 4524
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The court is to construe the facts alleged in a manner most favorable to the pleader, and all well pleaded facts and those facts necessarily implied from the allegations are taken as admitted. Amodio v. Cunningham, 182 Conn. 80, 82-83,438 A.2d 6 (1989). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in pleadings." Mingachosv. CBS, Inc., supra, 196 Conn. 108. If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Ferryman v. Groton, supra, 212 Conn. 142.
The defendant argues that the fourth count of the revised complaint, alleging tortious interference with a contract, is legally insufficient because it fails to allege that there was a contract, or that the defendant interfered with the plaintiffs' contract with another. The defendant maintains that in order to allege a legally sufficient cause of action for tortious interference with contractual rights, the plaintiff must first allege a contract, and the contract must be with one other than the defendant.
In opposition, to the motion, the plaintiffs argue that when construed in a manner most favorable to them, the fourth count sufficiently alleges a cause of action for tortious interference. They argue that under the allegation that the parties "negotiated" to acquire the ten acres they can prove that the parties entered into a contract. In addition, the plaintiffs argue that since they complied with the defendant's request to revise the fourth count, the motion to strike should be denied.
The Connecticut Supreme Court has long recognized a cause of action for tortious interference with a contractual or beneficial relationship. Robert S. Weiss Associates v. Wiederlight,208 Conn. 525, 535, 564 A.2d 216 (1988). The elements of this cause of action include "the existence of a contractual or beneficial relationship and that the defendant, `knowing of that relationship, intentionally sought to interfere with it; and, as a result, the plaintiff claimed to have suffered actual loss.'" Solomon v.Aberman, 196 Conn. 359, 364, 493 A.2d 193 (1985), quoting Harry A.Finman Son, Inc. v. Connecticut Truck Trailer Service Co.,
CT Page 4525169 Conn. 407, 415, 363 A.2d 86 (1975); see also Beizer v. Goepfert,28 Conn. App. 693, 701, 613 A.2d (1992). Thus, in order to plead a legally sufficient cause of action for tortious interference with contract rights, the plaintiffs must allege the existence of a contractual relationship.
The thirty-third paragraph of the fourth count alleges that Richard Marshall negotiated with a senior trust officer of the defendant to acquire ten acres of other land. The next paragraph of the fourth count alleges that this same trust officer sent to Richard Marshall a written offer describing the ten acres of land that would be conveyed. There are no allegations in this count, however, that the offer was ever accepted, or that the parties entered into a contract. The closest allegation to the existence of a contract is the allegation that Richard Marshall negotiated to acquire ten acres. Black's Law Dictionary (5th Ed.) defines "negotiate" as "[t]o transact business; to bargain with another respecting a purchase and sale; to conduct communications or conferences with a view to reaching a settlement or agreement. . . To discuss or arrange a sale of bargain; to arrange the preliminaries of a business transaction." Thus, the use of the term "negotiated" does not amount to an allegation of an existing contract, but instead refers to the preliminary dealings prior to reaching an agreement. Therefore, the plaintiffs have failed to allege a contractual relationship existing between the parties.
Even if the court were to construe this count as alleging an existing contractual relationship, the allegations still would not sufficiently allege a cause of action for tortious interference. A cause of action for tortious interference with contractual relations does not lie against someone who is directly or indirectly a party to the contract. Multi-Service Contractors,Inc., 193 Conn. 446, 451, 477 A.2d 653 (1984); Hiers v. Cohen,31 Conn. Sup. 305, 312, 329 A.2d 609 (1973); see also, Bowers v.Sterling, 4 Conn. L. Rptr. 521 (August 22, 1991, Wagner, J.); D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991), Sec. 165(a), p. 439. The fourth count alleges that it was the defendant who interfered with the alleged relationship between the plaintiff Richard Marshall and the defendant. It does not allege that the defendant interfered with Richard Marshall's contractual rights with a third party. Therefore, even if a contractual relationship could be construed, the plaintiffs cannot maintain their claim for tortious interference with contractual rights. CT Page 4526
The plaintiffs' claim that this motion should be denied since the fourth count was specifically revised at the request of the defendant is unavailing. It is proper for the defendant to use a request to revise to set up the complaint for a motion to strike. See, Moore v. State, 15 Conn. Sup. 251, 252 (C. P. 1947); Moller Horton, Conn. Practice Book Ann. Sec. 147, p. 315. The motion to strike the fourth count of the revised complaint, therefore, is granted.
The defendant also moves to strike the first prayer for relief, which makes a claim for monetary damages. The defendant asserts that this claim is improper in this case because the claims made by the plaintiffs are that the defendant breached a fiduciary duty owed to the estate. The defendant claims that if the plaintiffs are successful on this claim, all that would be required of the defendant would be to pay sums into the estate, which would then be distributed according to the terms of the will after estate and succession taxes are paid. The defendant points out that the plaintiffs are not the only remaindermen under the will. The defendant cites no law in support of this argument.
The motion to strike a prayer for relief should be granted if the prayer for relief does not correspond to allegations of the complaint. Lessler v. Sundwall, Superior Court, Judicial District of Litchfield, No. 055578 (March 9, 1994, Pickett, J.), citing VanEpps v. Redfield, 68 Conn. 39, 45, 35 A. 809 (1896). On a motion to strike, the court is to construe the facts alleged in a manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). Additionally, the court cannot be aided by the assumption of any facts not therein alleged. Leljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). Thus, construing the complaint in manner most favorable to the plaintiffs, the court finds that they are not merely alleging a breach of a fiduciary duty owed to the estate, but a fiduciary duty owed to the individual plaintiffs, who are beneficiaries under the will. Additionally, the court cannot consider on this motion whether there are other beneficiaries under the will, since there are no such allegations in the complaint. The court notes that the defendant could have raised the issue of the absence of any necessary parties on this motion to strike, but failed to do so. Practice Book Sec. 152(3). The issue raised by the defendant may be relevant to whether the plaintiffs did in fact suffer damages or to the amount of damages suffered, and the plaintiffs must overcome their burden of proving monetary damages. The claim for monetary damages, however, is proper, and, therefore, the motion to strike CT Page 4527 the first prayer for relief is denied.
The defendant also moves to strike the second prayer for relief seeking attorney's fees. The defendant claims that there is no statutory or contractual basis in the allegations for such relief.
"The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Citations omitted.) Marsh,Day Calhoun v. Solomon, 204 Conn. 639, 652, 529 A.2d 702 (1987). Connecticut adheres to the American rule. Id. The plaintiffs' complaint fails to allege any statutory or contractual basis for the recovery of attorney's fees. Therefore, the defendant's motion to strike the second prayer for relief is granted.
In conclusion, the defendant's ms motion to strike the fourth count of the revised complaint is granted. The motion to strike the first paragraph of the prayer for relief is denied, and the motion to strike the second paragraph for relief is granted.
PICKETT, J.