## The Chapter House Circle of the King's Daughters v. Hartford National Bank and Trust Company.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued January 5th—decided April 8th, 1938.

152

*Arthur E. Howard, Jr.,* for the appellant (plaintiff).

*Wallace W. Brown,* with whom was *Charles Welles Gross,* for the appellee (defendant).

MALTBIE, C. J.   The complaint in this case alleged that the plaintiff had entrusted the defendant with money and a note secured by a mortgage under an agreement that the defendant would act as the plaintiff's financial agent, with authority to invest the fund at the discretion of the defendant's proper officers; that the defendant invested about $6500 in a note and mortgage which it held in its individual name; that the plaintiff did not know that the note and mortgage were so held; and that on discovering this fact it had "refused to affirm" the transaction and demanded to be reimbursed the amount of the money invested in the mortgage.   The parties filed in the trial court a stipulation that "the facts of the case" were as therein stated.   The trial court upon the basis of that stipulation gave judgment for the plaintiff to recover the amount of the fund invested in the mortgage note.   On appeal we held that the defendant had committed a breach of trust in investing the money of the plaintiff in a note and mortgage in its individual name instead of in its name as trusteee, but that, as it had acted in good faith, in accordance with established banking practice and believing it was not proceeding improperly, it should not be held liable for any damage which was not directly caused by the breach of trust and that, as it did not appear that the plaintiff

had suffered any such damage, there was no basis in the record as it then stood for an award to it of more than nominal damages. Accordingly we found error and remanded the case to the trial court with direction to enter judgment for the plaintiff to recover substantial damages should it prove itself entitled to them in accordance with the opinion, otherwise to recover nominal damages. *Chapter House Circle* v. *Hartford National Bank & Trust Co.*, 121 Conn. 558, 186 Atl. 543.

It appears from the stipulation that, there having been a default in payments due under the mortgage, the defendant had foreclosed it, taken title and subsequently offered to convey the property to the plaintiff. When the case came again before the Superior Court the plaintiff sought to offer evidence that the value of the property was substantially greater than the amount of the note secured, claiming that, if it should prove that value to be such that the bank would suffer no loss if it became owner of the property in its own right the plaintiff was entitled to disavow the transaction and recover the money invested in the mortgage. The plaintiff also sought to introduce evidence that under its charter the plaintiff could not legally hold such real estate as that which was mortgaged to secure the note, that an investment in the property would be of a speculative nature, not suitable for such an organization as the plaintiff, and that the affairs of the plaintiff were managed by women unfamiliar with business transactions. The purpose for which this evidence was claimed was to show that in equity the plaintiff should not be left with the property on its hands. The trial court excluded the evidence and upon the facts recited in the stipulation gave judgment for the plaintiff to recover nominal damages only.

In our former opinion (p. 564) we stated: "The claim of the plaintiff is that the defendant by investing the fund in a note and mortgage in which it was named payee and grantee in its individual capacity, instead of in its capacity as financial agent for the plaintiff, committed a breach of trust such that the plaintiff might disavow the transaction, and, having done so, recover of the defendant the amount invested in that note and mortgage, with interest." That claim we overruled. Our decision was that such a breach of trust as the defendant committed could not be the basis of substantial relief unless the plaintiff could show loss directly resulting from the defendant's taking the note and mortgage in its own name instead of as agent or trustee for the plaintiff. We did not hold that the plaintiff could have substantial relief if, to grant it, would not in fact injure the defendant, or, as the plaintiff construes our opinion, if the relief it claimed would not impose a penalty upon the defendant. Proof of material loss directly resulting from the breach of trust was a necessary condition of granting the plaintiff substantial relief. It was to give the plaintiff the opportunity to establish any such loss that in the remand of the case in our former opinion, we directed judgment for the plaintiff to recover substantial damages if it should prove itself entitled to them in accordance with the opinion. The fact, if proven, that the property involved was worth more than the amount of the debt secured would not tend in any way to establish damages of this nature, but rather the contrary.

The contention of the plaintiff that it cannot under its charter hold the real estate which was mortgaged and later foreclosed by the defendant seems a little strange, in view of the fact that it delivered to the defendant when the latter agreed to act as its financial

agent a note secured by a mortgage which it then held, a mortgage which, as stated in the stipulation, the defendant later foreclosed, without any objection so far as appears upon the plaintiff's part, and the further facts that the plaintiff's officers knew that the bank was investing its funds in mortgages on real estate, and that it had received quarterly statements of account setting forth all transactions with reference to the fund, and from the time the agreement was made in 1924 until the real estate became unproductive in 1932 had received income from the investment. These circumstances aside, the plaintiff under its charter had power upon the foreclosure of the mortgage to take title to the real estate. That charter gives it the right to hold and dispose of "such real estate or other property as may be necessary to carry out the purposes for which said corporation is formed, and generally to have and to exercise all the rights and privileges permitted corporations of this class by the statute laws of the state." The general statutes give to a corporation of the class of the plaintiff the right "to hold, purchase, sell and convey such real and personal estate as the purposes of such corporation require, and all other property which shall have been in good faith mortgaged or conveyed to it by way of security or in satisfaction of debts or by purchase at sales upon judgments or decrees obtained for such debts;" and the enumeration of the powers granted to such corporations concludes: "subject to such provisions and limitations as may be contained in its charter." General Statutes, § 3382; Cum. Sup. 1935, § 1402c. The plaintiff's charter and the General Statutes do not materially vary in their provisions granting power to corporations to hold such real estate as may be necessary or required to carry out the purposes for which the

corporation is organized. The general statutes give authority to such corporations to take and hold real estate which comes to them as the result of the necessary steps taken for the collection of debts for which it is security, at least so far as is reasonably necessary to secure satisfaction of the debts; and the concluding clause of the plaintiff's charter granted to it that authority.

The other evidence offered by the plaintiff was clearly irrelevant to the issues in the case. If the investment of the plaintiff's funds in a note secured by real estate of a speculative character might be improper due to the possibility that title would have to be taken in case of a default in payment, that could only be the basis of a claim of breach of trust of a character entirely apart from that alleged in the complaint and would in no way tend to show any loss to the plaintiff from the fact that the defendant took title to the property here in question, not as trustee, but in its individual name. If the women who manage the affairs of the plaintiff are unfamiliar with business transactions, they can surely obtain competent advice and assistance.

The plaintiff also claims error in the refusal of the trial court to permit it to amend its complaint so that it could recover reasonable attorney's fees on the ground that the defendant unnecessarily caused the litigation. This, to say the least, is a novel claim. This was not an action to construe a trust deed, of interpleader or any proceeding of such a nature, but was an action brought by the plaintiff to secure substantial relief from the defendant for a breach of trust, to which it has proved itself entitled only so far as concerns nominal damages. Nothing in our law warrants recovery by the plaintiff of counsel fees made

necessary by an attempt to secure something to which in law it had no right.

There is no error.

In this opinion the other judges concurred.