CHARLES W. PETERSON ET AL. *v.* CITY OF NORWALK ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued December 5, 1962—decided February 26, 1963

*Robert B. Seidman,* with whom was *Sidney Vogel,* for the appellants (plaintiffs).

*Peter Wilkinson,* with whom was *David S. Maclay,* for the appellee (defendant United Aircraft Corporation); with him also were *Edward J. Zamm,* for the appellee (defendant city of Norwalk), and *Louis Weinstein* and *Samuel Kanell,* assistant attorneys general, and, on the brief, *Albert L. Coles,* attorney general, for the public utilities commission.

*Thomas J. O'Sullivan,* for the appellee (defendant New York, New Haven and Hartford Railroad Company).

BALDWIN, C. J. The named plaintiff is also the plaintiff in the companion case of *Peterson* v. *Norwalk,* 150 Conn. 366, 190 A.2d 33. He and Louis Hawkins, the other plaintiff, appealed to the Superior Court from an order of the public utilities

commission. They cited in as defendants the city of Norwalk, the New York, New Haven and Hartford Railroad Company and the United Aircraft Corporation. These defendants were the defendants in the other case. The trial court sustained the order of the commission, and the plaintiffs have appealed to us.

The city, pursuant to a resolution adopted by its common council on May 19, 1959, petitioned the commission for the approval of the construction of a highway bridge over the right of way of the railroad to permit an extension of Triangle Street. The facts relating to the project are more fully detailed in the other case. The commission, in the order appealed from, concluded that the bridge was necessary and approved the petition and the plans for the proposed structure. The plaintiffs have assigned error on the ground that the finding of the commission was not supported by the record of the proceedings before it and that it had acted illegally in refusing to reopen its hearings after it had received a copy of the contract entered into by the three defendants on August 29, 1960, apportioning the cost of the construction of the crossing. In this court, the plaintiffs abandoned any claim that the order of the commission was improper because the record before it failed to support its finding of necessity; they left that issue to be determined as part of the appeal in the companion case. They pressed only the claim that the commission erred in refusing to reopen its hearing to permit them to inquire into the validity of the contract.

The finding and order of the commission show that, at the outset of the proceedings on the petition, the railroad opposed the proposed construction; that the agreement apportioning the cost was

then negotiated; that a copy of it was filed with the commission on September 1, 1960, after the hearings had been closed; and that, in view of this agreement, the railroad withdrew its objection. Thereafter the commission issued its order.

The commission's function under General Statutes §§ 16-98 and 16-99 was to determine the necessity for the proposed crossing; to decide whether the highway should go over or under the railroad; and, since it was to go over, to consider and act on the plans for the construction. Although the overall cost might enter into the determination whether a crossing is necessary, the apportionment of the cost is determined by § 16-98. The railroad chose to withdraw its opposition to the project because it had entered into a contract, satisfactory to it, apportioning the cost otherwise than as provided by the statute. The commission could not construe the statute to determine the validity of the apportionment made. It could, however, have withheld its approval if, contrary to the railroad's expectations, part of the cost of relocating the transmission lines was going to fall on the railroad. During the argument before us, it was indicated that the corporation would indemnify the railroad if § 16-98 should be construed as requiring the railroad to pay one-half of the cost of the temporary and permanent changes in the communications, signal and electric transmission facilities. Such a construction of the statute would relieve the city of its obligation under the contract to pay the entire cost. To sustain the appeal from the commission in order that it might consider the effect of the partial invalidity of the contract, as determined by us, on the commission's decision might cause an unnecessary and useless proceeding and further

needless delay. Such a result can be avoided if the case is remanded to the Superior Court and it is stipulated in that court that the corporation has agreed with the city and the railroad to indemnify the railroad for the additional cost imposed on it by reason of our interpretation of § 16-98.

There is error in part, the judgment is set aside and the case is remanded with direction to sustain the appeal unless the parties, within ninety days from the time they receive notice of this decision, shall file with the clerk of the Superior Court in Fairfield County a stipulation conforming to the suggestion made in this opinion; if such a stipulation is filed, the judgment dismissing the appeal shall thereupon be reinstated.

In this opinion the other judges concurred.