CHARLES W. PETERSON ET AL. *v.* CITY OF NORWALK
ET AL. (5629)

CHARLES W. PETERSON *v.* CITY OF NORWALK
ET AL. (5630)

KING, C. J., MURPHY, SHEA, ALCORN and HOUSE, Js.

Argued June 5—decided June 16, 1964

*Sidney Vogel,* with whom, on the brief, was *Wayne A. Baker,* for the appellants (plaintiffs in the first case) and for Vogel, Sigsway, Seidman and Harris in both cases.

*David S. Maclay,* with whom, on the brief, was *Peter Wilkinson,* for the appellee (defendant United Aircraft Corporation in the first case); with him also was *Samuel Kanell,* assistant attorney general, for the public utilities commission.

*Edward J. Zamm,* corporation counsel, for the appellee (defendant city in both cases).

*Thomas J. O'Sullivan,* for the appellee (defendant New York, New Haven and Hartford Railroad Company in the first case).

House, J. The facts in these companion cases have already been reported in detail in prior opinions of this court. In *Peterson v. Norwalk,* 150 Conn. 366, 190 A.2d 33, an action for a declaratory judgment, we held that a contract between the defendant city, the New York, New Haven and Hartford Railroad Company and the United Aircraft Corporation for the construction and maintenance of a bridge over the tracks of the railroad was valid

except for the maintenance provision and the provision which required the city to pay more than one-half of the cost of relocating the railroad transmission lines. In *Peterson* v. *Norwalk,* 150 Conn. 383, 386, 190 A.2d 41, we held that the public utilities commission could have withheld its approval of the bridge construction if part of the cost of relocating the transmission lines was to fall on the railroad, but we suggested (p. 387) that unnecessary and useless proceedings and further needless delay would be avoided if the case were remanded to the Superior Court and "it is stipulated in that court that the corporation has agreed with the city and the railroad to indemnify the railroad for the additional cost imposed on it by reason of our interpretation of [General Statutes] § 16-98." The case was thereupon remanded with direction that "if such a stipulation is filed, the judgment dismissing the appeal shall thereupon be reinstated." A stipulation signed by counsel for each of the defendants was filed, and the first of the present appeals is taken from the consequent judgment reinstating the judgment dismissing the appeal from the order of the public utilities commission approving construction of the bridge.[1]

The basic claim of the plaintiffs is that the stipu-

---

[1] "STIPULATION. It is hereby stipulated and agreed that the United Aircraft Corporation will indemnify Richard Joyce Smith, William J. Kirk and Harry W. Dorigan, Trustees of the property of The New York, New Haven and Hartford Railroad Company, for one-half of the cost of the temporary and permanent changes in the communications, signal and electric transmission facilities made necessary by the proposed Triangle Street bridge; and the parties intend, by entering into this stipulation, to follow in its entirety the suggestion made by the Supreme Court of Errors in its decision in this case dated February 26, 1963 so that the Superior Court judgment dismissing the appeal from the Public Utilities Commission order may be reinstated."

lation as filed does not conform to the suggestion of this court. There is no merit to this claim. It conforms in all respects to the suggestion of this court. There was no requirement that the plaintiffs be parties to the stipulation. In fact, in light of their continued opposition to the proposed construction, such a requirement would have been stultifying. There was no error in the judgment approving the stipulation and reinstating the prior judgment of April 26, 1961, dismissing the appeal from the public utilities commission.

The second of the present appeals is taken from a denial by the Superior Court of a petition filed by counsel for the plaintiffs that the court order the defendant city to pay them an allowance as counsel fees. If we assume, without deciding, that the plaintiffs' attorneys have properly taken, in their own name, an appeal in both cases from the denial of their petition for an allowance for counsel fees, there is, nevertheless, no merit to the appeal. Neither the statutes nor the rules provide for an allowance for counsel fees in declaratory judgment actions. *West Haven Bank & Trust Co.* v. *McCoy,* 117 Conn. 489, 496, 169 A. 49; *South Norwalk Trust Co.* v. *Knapp,* 128 Conn. 426, 432, 23 A.2d 519. In the appeal from the decision of the public utilities commission, both plaintiffs expressly alleged that they were personally aggrieved by the order appealed from and that if the construction proceeded each would have a portion of his property taken by the city by eminent domain. A-416 Rec. & Briefs, back of p. 167 ¶ 5. Under such circumstances, the case does not come within any of the exceptions to the fundamental principle that every litigant must bear his own expenses of litigation except as otherwise provided by statute. See

*Rude* v. *Buchhalter,* 286 U.S. 451, 459, 52 S. Ct. 605, 76 L. Ed. 1221; *Krasnow* v. *Krasnow,* 140 Conn. 254, 265, 99 A.2d 104; 14 Am. Jur. 38, Costs, § 63. The plaintiffs' attorneys are not entitled to compensation at the expense of the defendant city.

There is no error in either case.

In this opinion the other judges concurred.