### THE THEODORE D. BROSS LINE CONSTRUCTION CORPORATION *v.* RYAN CRANE SERVICE CORPORATION ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 194354

Memorandum filed September 17, 1975

*Yellin, Rittenband & Lubinsky,* for the plaintiff.

*Regnier, Moller & Taylor,* for the defendant Shapiro Equipment Corporation.

*Snow Gene Munford,* for the named defendant.

*McKenna, Zito & Malliet,* for the third-party defendant Harnischfeger Corporation.

MULVEY, J. The third-party defendant, Harnischfeger Corporation, has demurred to the second claim for relief of the third-party plaintiff, Shapiro Equipment Corporation. That claim for relief is for attorneys' fees and costs. Shapiro's complaint against Harnischfeger alleges that, if it is found liable to the plaintiff on a claim of defective equipment, then Harnischfeger must indemnify it for any judgment that the plaintiff obtains against it.

Harnischfeger's demurrer, under Practice Book § 108, claims that attorneys' fees are not recoverable in a noncontractual indemnity suit.

The recoverability of counsel fees from an opponent, whether as costs or damages, is amply discussed and annotated in the legal encyclopedias. See 20 Am. Jur. 2d, Costs, §§ 72–78; 22 Am. Jur. 2d, Damages, §§ 165–168; 20 C.J.S., Costs, § 218; 25 C.J.S., Damages, § 50. Summarized, the rule is and has long been that, absent contractual or statutory authorization, there can be no recovery, either as costs or damages, for the expenses of litigation or the expenditures for counsel fees by a party from his opponent. Apart from certain special exceptions, that rule obtains whether the action is legal or equitable in nature, whether the successful litigant is plaintiff or defendant, and even though the necessity of engaging in the litigation was caused by the wrongful act of the opposing party. Without examining the precise nature of each special exception to that rule, suffice it to say that the exceptions usually involve situations where a party has, at his own expense, protected or increased a common fund, where a private individual has enforced a public right, or where a suit is wholly vexatious and without any basis. That rule was recognized in this jurisdiction in *Maisenbacker* v. *Society Concordia,* 71 Conn. 369, 378, *West Haven Bank & Trust Co.* v. *McCoy,* 117 Conn. 489, 496, *Chapter House Circle* v. *Hartford National Bank & Trust Co.,* 124 Conn. 151, 156, *State* v. *Bloomfield Construction Co.,* 126 Conn. 349, 359, and recently reaffirmed in *Peterson* v. *Norwalk,* 152 Conn. 77, 80.

The demurrer is sustained.