SAMUEL S. CROSS *v.* THE MIDTOWN CLUB, INC., ET AL.

SUPERIOR COURT FAIRFIELD COUNTY No. 157273
AT BRIDGEPORT

Memorandum filed July 2, 1976

*Alan Neigher,* for the plaintiff.

*Paul C. Jamieson,* for the defendants.

STAPLETON, J. Seeking a declaratory judgment as well as injunctive and other relief, the plaintiff, a member of the defendant club, has brought suit against the club, a domestic nonstock corporation, and its directors. The plaintiff is suing both as an individual member against the corporation, pursuant to General Statutes § 33-429 (1), and as a representative of the corporation against the directors, pursuant to General Statutes § 33-429 (2).

The following facts are admitted or undisputed: The plaintiff is a member in good standing of the

defendant nonstock Connecticut corporation. Each of the individual defendants is a director of the corporation, and together the individual defendants constitute the entire board of directors. The certificate of incorporation sets forth that the sole purpose of the corporation is "to provide facilities for the serving of luncheon or other meals to members." Neither the certificate of incorporation nor the bylaws of the corporation contain any qualifications for membership, nor does either contain any restrictions on the luncheon guests members may bring to the club. The plaintiff sought to bring a female to lunch with him, and both he and his guest were refused seating at the luncheon facility. The plaintiff wrote twice to the president of the corporation to protest the action, but he received no reply to either letter. On three different occasions, the plaintiff submitted applications for membership on behalf of a different female, and only on the third of those occasions did the board process the application, which it then rejected. Shortly after both of the above occurrences, the board of directors conducted two separate pollings of its members, one by mail, the other by a special meeting held to vote on four alternative proposals for amending the bylaws of corporation concerning the admission of women members and guests. None of these proposed amendments to the bylaws received the required number of votes for adoption. Following that balloting, the plaintiff again wrote to the president of the corporation and asked that the directors stop interfering with his rights as a member to bring women guests to the luncheon facility and to propose women for membership. The president's reply was that "the existing bylaws, house rules and customs continue in effect, and therefore [the board] consider[s] the matter closed."

On the basis of all of the evidence the court finds: that the corporation had a policy of not accepting women as members or as guests for lunch; that the application of the plaintiff's proposed female candidate for membership was denied because of her sex; and, that the plaintiff has exhausted his effective remedies within the corporation.

The plaintiff's complaint is that the corporation's board of directors has refused to admit the plaintiff's proposed candidate as a member solely because she is a female, and, likewise, that the board has refused to allow the plaintiff to bring female guests to the corporation's luncheon facility. The plaintiff claims that the corporation and its directors, in establishing those policies, have acted ultra vires in that they have exceeded the powers conferred upon them by the certificate of incorporation, the bylaws, and the state statutes regulating corporate powers, and that, in so doing, they have breached the plaintiff's rights as a member of the corporation.

In addition to seeking a declaratory judgment which will inform him of his rights vis a vis the corporation and its directors, the plaintiff is also seeking injunctive relief, orders directing the admission of the plaintiff's candidate to membership and denying indemnity to the directors, money damages, and costs and expenses including reasonable attorney's fees. It should be noted at the outset that the plaintiff is not making a claim under either the federal or state civil rights or equal accommodations statutes, but that he is solely asserting his membership rights under the certificate of incorporation, the bylaws, and the statutes governing the regulation of this nonstock corporation. As such, this is a case of first impression in Connecticut.

The defendants have replied to the plaintiff's allegations by asserting: (1) that an association

has the right to determine the rules and regulations under which members are to be admitted, and that it may impose those conditions regarding eligibility upon its members; (2) that decisions made by the board of an association regarding its internal affairs will not be overturned in the absence of mistake, fraud, illegality, collusion or arbitrariness; (3) that the plaintiff has no right to equitable relief since he has lost no property rights; (4) that the association's bylaws themselves provide that questions as to the interpretation of any provision of the bylaws are to be determined by the board of directors, and that in view of the fact that all rules need not, and cannot, be inscribed, the board may regulate admissions as part of its internal rule-making power; and (5) that the plaintiff has not exhausted his internal remedies in view of the fact that the bylaws provide for a special meeting to be called upon the written request of twenty-five members.

As to the failure to exhaust administrative remedies, it is clear from the record that the plaintiff made more than several good faith efforts to effect a change in policy, and that he met not only with a lack of success but with no answers to his questions, no responses to his letters, and not even a discussion of the merits of his claim. In fact, on the plaintiff's last effort, which followed several other unsuccessful attempts, he was informed by the president of the corporation that the subject was "closed." It is concluded that the plaintiff has exhausted his remedies within the corporation.

With respect to the argument that no property right of the plaintiff had been violated, it has been held that equity jurisdiction is not limited to the protection of property rights and that it may be invoked for the protection of personal rights. *Berrien* v. *Pollitzer*, 165 F.2d 21, 22 (D.C. Cir.)

(involving certain rights of a member of an association). From early common law Connecticut has recognized that a corporation is empowered to do only those things for which it was created and which are authorized by its charter, and that one member may bring suit against the corporation or its directors for ultra vires acts in violation of the contract between them, as set forth in the corporate charter. *Byrne* v. *Schuyler Electric Mfg. Co.*, 65 Conn. 336, 351–52.

Connecticut has codified the common-law right of a member to proceed against his corporation or its directors in the event of an ultra vires act. In fact, it has been done specifically under the Nonstock Corporation Act. General Statutes § 33-429.

No powers were given to the defendant corporation in its certificate of incorporation, only a purpose, and as a result the only incidental powers which the defendant would have under the common law are those which are necessary to effect its purpose, that being to serve lunch to its members. *Community Credit Union, Inc.* v. *Connors*, 141 Conn. 301, 304–305. Since the club was not formed for the purpose of having an exclusively male luncheon club, it cannot be considered necessary to its stated purpose for the club to have the implied power at common law to exclude women members.

Under the Connecticut Nonstock Corporation Act, the corporation could have set forth in its certificate of incorporation that its purpose was to engage in any lawful activity permitted that corporation. General Statutes § 33-427 (a). That was not done. Its corporate purposes were very narrowly stated to be solely for providing "facilities for the serving of luncheon or other meals to members." The certificate did not restrict the purpose to the serving of male members. Section 33-428

of the General Statutes provides that the corporate powers of a nonstock corporation are those set forth in the Nonstock Corporation Act, those specifically stated in the certificate of incorporation, neither of which includes the power to exclude women members, and the implied power to "exercise all legal powers necessary or convenient to effect any or all of the purposes stated in its certificate of incorporation . . . ."

We come, thus, to the nub of this controversy and the basic legal question raised by the facts in this case: Is it necessary or convenient to the purpose for which this corporation was organized for it to exclude women members? This court concludes that it is not. While a corporation might be organized for the narrower purpose of providing a luncheon club for men only, this one was not so organized. Its stated purpose is broader and this court cannot find that it is either necessary or convenient to that purpose for its membership to be restricted to men. It should be borne in mind that this club is one of the principal luncheon clubs for business and professional people in Stamford. It is a gathering place where a great many of the civic, business, and professional affairs of the Stamford community are discussed in an atmosphere of social intercourse. Given the scope of the entry of women today into the business and professional life of the community and the changing status of women before the law and in society, it would be anomalous indeed for this court to conclude that it is either necessary or convenient to the stated purpose for which it was organized for this club to exclude women as members or guests.

While the bylaws recognize the right of a member to bring guests to the club, the exclusion of women guests is nowhere authorized and would not appear to be any more necessary and convenient to the

purpose of the club than the exclusion of women members. The bylaws at present contain no restrictions against female members or guests and even if they could be interpreted as authorizing those restrictions, they would be of no validity in light of the requirement of § 33-459 (a) of the General Statutes, that the bylaws must be "reasonable [and] germane to the purposes of the corporation . . . ."

The court therefore concludes that the actions and policies of the defendants in excluding women as members and guests solely on the basis of sex is ultra vires·and beyond the power of the corporation and its management under its certificate of incorporation and the Nonstock Corporation Act, and in derogation of the rights of the plaintiff as a member thereof. The plaintiff is entitled to a declaratory judgment to that effect and one may enter accordingly.

The court is not prepared to order the specific admission to membership of any person not a party to this action since the club is entitled to maintain its own standards for membership so long as it complies with the mandate of this judgment. There is no reason to believe that the club or the individual defendant directors, who appear to be responsible members of the Stamford business community, will not obey the letter and spirit of this judgment. Therefore, there is no need for the issuance of injunctive relief, and it is denied. If future events should prove the court wrong on this point, there will be ample opportunity to obtain affirmative relief. The plaintiff has not established a factual or legal basis for money damages, either in his individual or representative capacity, and none is awarded.

The plaintiff argues strenuously for the court to deny indemnification to the individual defendants for attorneys' fees and costs under §§ 33-454a (a)

and (b) of the General Statutes and to award those expenses to the plaintiff. There is no evidence before the court that the individual defendants have incurred any such expenses or that they will seek indemnification from the corporation. To the extent that they incurred expenses in defending claims brought by the plaintiff as an individual, they would be entitled to indemnification under § 33-454a (a) if the court finds that they acted in good faith and in a manner they reasonably believed to be in the best interests of the corporation. To the extent that they incurred expenses in defending claims brought by the plaintiff as a representative of the corporation, they would be entitled to indemnification with respect to matters as to which they are finally adjudged not to have breached their duty to the corporation under § 33-454a (b).

In light of the findings made above as to the conduct of the individual defendants and in light of the purpose of § 33-454a, it is the conclusion of the court that the individual defendants did not breach their fiduciary duty to the corporation under the circumstances here. But even if they did, upon application to the court under § 33-454a (b), expenses could be awarded them if the court found that they were "fairly and reasonably entitled to be indemnified . . . ." Given the fact of this case that the unpaid directors of a social club were simply following what they believed to be the existing unwritten policy of the club without financial detriment to the club or benefit to themselves, it is hard to see how any court would refuse them reasonable indemnification for expenses. For all the foregoing reasons the requested order barring indemnification is denied.

The plaintiff himself seeks costs and expenses, including reasonable attorneys' fees, against all the

defendants. The court finds no basis in Connecticut law for awarding attorneys' fees to the plaintiff. *Peterson* v. *Norwalk,* 152 Conn. 77, 80–81. The plaintiff has created no "fund" or other "substantial benefit" to the corporation or its members which would warrant departure from the usual rule that each litigant must pay his own legal fees.

The plaintiff is entitled to the usual costs to the prevailing party under § 52-257 of the General Statutes, and, in view of the difficulty and novelty of the several issues presented in the case, an additional allowance of $200 is made to the plaintiff as authorized by that section in such cases.

Judgment may enter in accordance with the foregoing.