The plaintiff in the initial complaint, which claims a breach of warranty, was a customer of the named defendant, Food Mart of Connecticut, Inc., hereinafter referred to as Food Mart, at a grocery store which it operated in Southington. He alleged that he had purchased a kielbasa sausage which contained several large wooden splinters and that when he ate the sausage he injured his throat and suffered other physical and mental effects. Food Mart answered the initial complaint and also proceeded to file a third-party complaint against the manufacturer of the sausage, a partnership of two individuals doing business as Janik Sausage Company, seeking indemnification for any recovery by the injured customer and all costs and attorney's fees which might be incurred.[1]
The initial complaint was withdrawn because the sausage manufacturer, the third-party defendant, settled the claim of the customer against the retailer, Food Mart. A demurrer was filed to the prayer of the third-party complaint for attorney's fees and costs upon the ground that that relief cannot be awarded in a noncontractual indemnity suit. The trial court sustained the demurrer, relying upon the case of Theodore D. Bross Line Construction Corporation v. Ryan Crane Service Corporation, 32 Conn. Sup. 181. Food Mart suffered judgment to enter upon the demurrer and has appealed, assigning the ruling upon the demurrer as error. *Page 626 
The issue before us is whether attorney's fees expended by a retailer in defense of a breach of warranty action brought against him by his customer, who claims to have been injured by a defective product purchased from the retailer, may be recovered in another breach of warranty action seeking indemnification from the manufacturer who sold the product to the retailer.
As a general rule, unless the indemnity contract provides otherwise, an indemnitee is entitled to recover reasonable attorney's fees as part of his damages. 41 Am.Jur.2d, Indemnity, 36. The allowance is limited to fees incurred in defense of the claim indemnified and would not include services rendered in establishing the right of indemnity. Ibid. The implied contract of indemnity which arises in favor of a person who is exposed to liability on account of the tortious act of another imposes an obligation upon the active wrongdoer to reimburse the indemnitee not only for any damages which he has been obliged to pay but also for reasonable attorney's fees, at least where he has notice of the suit against the indemnitee and an opportunity to defend. 42 C.J.S., Indemnity, 24.
The defendant relies upon several cases which have denied the recovery of attorney's fees incurred in enforcing the plaintiff's claim in the litigation before the court. Peterson v. Norwalk,152 Conn. 77, 80; State v. Bloomfield Construction Co., 126 Conn. 349, 359; Chapter House Circle v. Hartford National Bank Trust Co., 124 Conn. 151,156; West Haven Bank Trust Co. v. McCoy,117 Conn. 489, 496; Maisenbacker v. Society Concordia,71 Conn. 369, 378. of those cases only State v. Bloomfield Construction Co. may be regarded as pertinent. There, although it disallowed attorney's fees related to the prosecution of the indemnification claim under the general rule that those fees are *Page 627 
not recoverable as an item of damages unless authorized by statute or contract, the court recognized a distinction with respect to expenses incurred in the defense of the suit of the injured plaintiff against the indemnitee. The allowance made by the trial court for attorney's fees in defense of the earlier action was overturned upon the ground that the record did not disclose that the state, to whose rights as indemnitee its insurer was subrogated, had incurred any such expenses.
No diminution in the measure of recovery by an indemnitee has been sanctioned upon the ground that the underlying contract is not express but is implied in law from the relationship of the parties to the subject matter. "A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity . . . for expenditures properly made in the discharge of such liability." Restatement, Restitution 96. The extent of recovery under an express agreement to indemnify has similarly been held to include such reasonable expenses as are incurred in attempting to avoid liability or in minimizing the amount that must be paid, including expenses incurred in contesting the action brought by the original claimant. Calamita v. DePonte, 122 Conn. 20, 27. In the context of a suit between tortfeasors, where "complete reimbursement for all loss and expenses arising from the litigation" brought by the victim was sought, it was said that "indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest." Kaplan v. Merberg Wrecking Corporation,152 Conn. 405, 412. Attorney's fees incurred in the defense of the suit of the injured plaintiff have been ordinarily allowed without challenge as an element of recovery by the tortfeasor whose liability is determined to be secondary *Page 628 
against the one whose liability is primary. Farm Bureau Mutual Automobile Ins. Co. v. Kohn Brothers Tobacco Co., 141 Conn. 539, 541; Fidelity 
Casualty Co. v. Jacob Ruppert, Inc., 135 Conn. 307,308; Preferred Accident Ins. Co. v. Musante, Berman Steinberg Co., 133 Conn. 536, 538; Stevens v. Polinsky, 32 Conn. Sup. 96, 104.
 There was error in sustaining the demurrer to the prayer for relief, and the case is remanded with direction to overrule the demurrer.
In this opinion PARSKEY and SPONZO, Js., concurred.