**48**

Carl BURLEIGH, et al.

v.

NORWOOD FEDERAL SAVINGS &
LOAN ASSOCIATION, et al.

No. Civ. H–86–1361 (PCD).

United States District Court,
D. Connecticut.

Sept. 17, 1987.

James C. Mulholland, Hartford, Conn.,
David F. Falvey, Groton, Conn., for plaintiffs.

Richard K. Lublin, Roger C. Boe, East
Hartford, Conn., for defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiffs move for summary judgment to quiet title to plaintiffs' property by ordering the release and discharge of the mortgage held on their property by defendants. Plaintiffs additionally request an award of attorney fees, 15% of the amount due and owing on the mortgage.[1] Conn. Gen.Stat. § 42–150bb. Defendants have, as of July 30, 1987, notified the court that they have released the mortgage in ques-

---

**1.** Plaintiffs have alternatively argued that their request for attorney fees is also justified under Fed.R.Civ.P. 11. They argue that defendants' conduct in litigating this case for a year, only to turn around and consent to the relief requested by them, illustrates the bad faith practiced by defendants.

> An award under Rule 11 implies that the party or attorney fined has acted improperly. Put another way, the intent of the legislation is "to punish only those who would manipulate the federal court system to ends inimicable to those for which it was created."

*Blaine v. Meineke Discount Muffler Shops, Inc.,* 670 F.Supp. 1107 (D.Conn.1987) (Ruling on Motion for Attorney Fees at 1), quoting *Eastway Const. Corp. v. City of New York,* 762 F.2d 243, 254

(2d Cir.1985). Plaintiffs have not met their burden of showing that defendants acted in bad faith. First, defendants' removal of this case, 28 U.S.C. § 1441, and subsequent filing of requests for cash bonds, Local Rule 8, were actions which were well within their right to take. Second, defendants similarly cannot be found to have acted in bad faith in defending this case, inasmuch as the initial evidence revealed by discovery did not unquestionably support plaintiffs' contention. Indeed, the mere appearance of plaintiffs' signatures on the contract and mortgage and plaintiff Carl Burleigh's representations that he signed a number of documents willingly, arguably contradicted plaintiffs' contention that they signed the mortgage unknowingly. Rule 11 sanctions are not warranted.

tion. Accordingly, summary judgment is granted as to this issue.

Connecticut, like most jurisdictions, has traditionally followed the rule that, absent special circumstances, litigants must pay their own attorney fees. *Peterson v. Norwalk,* 152 Conn. 77, 80, 203 A.2d 294 (1964); *Krasnow v. Krasnow,* 140 Conn. 254, 265, 99 A.2d 104 (1953); *cf. Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In recent years, however, perhaps in recognition that the ability to recover attorney fees may determine whether a consumer is able and willing to assert a valid claim, *see* E. Rodriguez, *Recovery of Attorney's Fees in Consumer Contract Actions in Connecticut,* 1 U. Bridgeport L.Rev., 55 (1980) ("Rodriguez"), the General Assembly has enacted a number of statutory provisions which provide for the recovery of attorney fees by the prevailing party. *See, e.g.,* Connecticut: Truth in Lending Act, Conn. Gen.Stat. § 36–407; Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. § 42–110g; Connecticut Attorney's Fee Clauses in Consumer Contracts Act, Conn.Gen.Stat. § 42–150bb; *see also* Rodriguez, *supra* at 63 (collecting statutes). Section 42–150bb, which exemplifies this current trend,[2] provides:

Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. Except as hereinafter provided, the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party. No attorney's fee shall be awarded to a commercial party who is represented by its salaried employee. In any action in which the consumer is entitled to an attorney's fee under this section and in which the commercial party is represented by its salaried employee, the attorney's fee awarded to the consumer shall be in a reasonable amount regardless of the size of the fee provided in the contract or lease for either party. For the purposes of this section, "commercial party" means the seller, creditor, lessor or assignee of any of them, and "consumer" means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes.

In effect, the statute simply puts consumers on an equal footing with the commercial parties with whom they deal and who insert attorney fee clauses in their contracts or leases.

Defendants raise three objections:

(1) Section 42–150bb does not cover deed or mortgage instruments;

(2) Plaintiffs did not request attorney fees in their complaint and, therefore, cannot now recover same; or, assuming the court is willing to award such fees, such recovery should not include recovery of fees when defendants had not been made aware of plaintiffs' demand; and

(3) The reasonableness of the fee request cannot be determined without further hearing.

*Scope of Statute*

■ Defendants' argument that § 42–150bb does not cover this situation is unsound. On July 14, 1985, plaintiffs executed a Retail Installment Contract ("Contract") with The Dartmouth Plan, Inc. ("Dartmouth") for the installation of windows in their home and allegedly executed a mortgage deed to Dartmouth to secure the amount financed. That Contract provided that, if plaintiffs defaulted, they would be obliged to pay the contractor or creditor's court costs and attorney fees of 15% of the amount owed. Contract at 2. The mortgage likewise provided that if plaintiffs default they would pay Dart-

---

**2.** No reported case construing this section has been found by either the parties or the court.

mouth reasonable costs and attorney fees of up to 15% of the amount due and payable to enforce its interest. Dartmouth thereafter assigned its interest in the mortgage to defendant Norwood Federal Savings & Loan Association ("Norwood").

Thus, in the mortgage, Dartmouth and its assignee, Norwood, claimed the right to attorney fees on plaintiffs' default and under the mortgage asserted a security interest in their property for payment. The mortgage is clearly a contract and plaintiffs are consumers as buyers and/or debtors. The debt in the mortgage as the exchange for the service received—the installation of windows—was "primarily for personal, family or household purposes." § 42–150bb. The legislative purpose was to equalize the posture of the consumer with that of the commercial party, which usually drafts the transaction documents without input from the consumer, who has little bargaining power in this regard. The mortgage documents are within the statute and their inclusion is dictated by the purpose of the statute. Accordingly, defendants' argument to the contrary is without merit.

*Failure to Plead*

■ Defendants' argument that plaintiffs should be estopped from seeking attorney fees because they failed to claim such relief in their complaint or that the amount of fees to be awarded should be assessed from the time defendants first became aware of plaintiffs' intention to move for such fees is also unsound. First, defendants' rights and obligations at the time of executing the mortgage in Dartmouth's case and accepting the assignment in Norwood's case was determined by Connecticut law. As noted, § 42–150bb simply provided plaintiffs with the same right to attorney fees as the Contract provided defendants. Therefore, they were on notice at that time that such a claim could be made. Secondly, even though plaintiffs did not claim attorney fees in the complaint, the liberal amendment policy of Fed.R. Civ.P. 15 would allow them to do so. Coincidentally, Connecticut civil practice would likewise authorize such an amendment.

*See* E. Stephenson, 1 *Connecticut Civil Procedure,* § 95g (2d ed. 1970 & Supp. 1970–82); E. Stephenson, 2 *Connecticut Civil Procedure,* § 311 (2d ed. 1970 & Supp. 1970–82). No prejudice to defendants is shown.

*Amount of Award*

Section 42–150bb authorizes a fee amount that is based, as far as practicable, upon the terms governing the size of the fee that might have been awarded to the commercial party. In this case, the mortgage instrument provided for a fee of up to 15% of the amount due and owing. Plaintiffs claim that amount is $15,574.68 and, therefore, requests an award of $2,336.20. The amount of any fee to be awarded is a matter for the court.

Plaintiffs' attorney is hereby ordered to file, on or before October 2, 1987, an affidavit describing the work he has done on this case, the amount of time spent on each activity, and the amount charged for each activity. Defendants may comment on any aspect of plaintiffs' submissions, in writing, filed on or before October 16, 1987. An order allowing a fee to be paid to plaintiffs will enter based on the record as of October 16, 1987.

SO ORDERED.