[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (PLEADING #108)
The third party plaintiff moves to strike third party defendant's second special defense.
The following facts are alleged in the plaintiff's complaint. The plaintiff, Valentina Ambatiello, filed suit against the City of Milford (Milford) on February 14, 1990, for negligently disposing of her sister's corpse by ordering it cremated without notifying the plaintiff, the decedent's next of kin.
On April 10, 1990, the defendant impleaded the Gregory F. Doyle Funeral Home (Doyle), which cremated the decedent, to seek indemnification for any judgment, costs, expenses and attorney's fees in case Milford is held liable. Doyle, the third party defendant, answered the third party complaint and asserted two special defenses: (1) that the cremation was ordered by the probate court and (2) that the original plaintiff received $1,000 and a stone cross monument in settlement and release of her claim against Milford.
A party may contest in a motion to strike "the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein." Conn. Practice Bk. 152(5) (1978, revised to 1989). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980).
Milford argues in support of the motion that its claim against Doyle for indemnification is not barred by the purported settlement and release between the plaintiff and Milford. Doyle argues in opposition that Milford is impermissibly asserting facts outside the pleadings. This aspect of Doyle's argument must fail because Doyle itself asserts the settlement and release in its special defense. CT Page 4402
The court must determine whether the settlement and release between the plaintiff and Milford can be asserted as a defense to the claim for indemnification by Milford against Doyle.
 A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnify from the other for expenditures properly made in the discharge of such liability.
Restatement, Restitution 96; Sendroff v. Food Mart of Connecticut, Inc., 34 Conn. Sup. 624, 627 (1977).
The City of Milford may proceed with its suit for indemnification even though it and the plaintiff have reached a settlement. The third party defendant, Doyle, cannot assert such a settlement and release as a special defense in this action. If the trier of fact finds Doyle actively or primarily negligent under Connecticut common law indemnification principles, Doyle may be liable "for expenditures properly made in the discharge of such liability." Restatement, Restitution 96.
Accordingly, City of Milford's motion to strike the second special defense is granted.
FRANK S. MEADOW, JUDGE