The plaintiffs seek to recover from their union the sums they spent for counsel fees they incurred as a result of a legal action commenced by the union allegedly seeking to enhance the status of other union members.
The claim is based on contract, specifically this language in the bylaws of the defendant union, Article 5 Section 12:
 "The President and the Secretary/Treasurer shall investigate all grievances properly submitted and report their findings and recommendations at the next regular [sic] or special meeting. They shall have the power to retain counsel, but shall not take [sic] definite action unless authorized by a vote of the Local."
The Court finds nothing in the language set forth that pertains to this situation or that states the plaintiffs' aggrievement is to be redressed in this fashion.
The question of the recoverability of counsel fees from an opponent is discussed in Bross Line Constr. Corporation v. Ryan Crane Service Corporation, 32 Conn. Sup. 181 at 182 (1975). In that case, Judge Mulvey stated:
 "Summarized, the rule is and has long been that, absent contractual or statutory authorization, there can be no recovery, either as costs or damages, for the expenses of litigation or the expenditures for counsel fees by a party from his opponent. Apart from certain special exceptions, that rule obtains whether the action is legal or equitable in nature, whether the successful litigant is plaintiff or defendant, and even though the necessity of engaging in the litigation was caused by the wrongful act of the opposing party. Without examining the precise nature of each special exception to that rule, suffice it to say that the exceptions usually involve situations where a party has, at his own expense, protected or increased a common fund, where a private individual has enforced a public right, or where a suit is wholly vexatious and without any basis. That rule was recognized in this jurisdiction in Maisenbacker v. Society Concordia, 71 Conn. 369, 378, West Haven Bank Trust Co. v. McCoy, 117 Conn. 489, 496, Chapter House Circle v. Hartford National Bank Trust Co., 124 Conn. 151, 156, State v. Bloomfield Construction Co., 126 Conn. 349, 359, and recently reaffirmed in Peterson v. Norwalk, 152 Conn. 77, 80."
Judgment is entered for the defendant. CT Page 5742