[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#164)
On January 29, 1991, the plaintiff, Stanley M. Lessler, initiated this action against the defendant, Astrid A. Sundwall. The plaintiff alleges that the defendant breached a written contract for the purchase of real property in the City of Torrington.
The present motion at issue is the plaintiff's motion to strike portions of the defendant's counter claim filed on November 7, 1993. Specifically, the plaintiff moves to strike Count IV of the defendant's counterclaim based upon vexatious litigation and to strike the claim for legal fees, lost time from work, and treble damages set forth in the defendant's prayer for relief. CT Page 2473
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, or . . . the legal sufficiency of any prayer for relief. . . , that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book 152. In reviewing a motion to strike, the court admits all facts well pleaded; Mingachos v. CBS, Inc.,196 Conn. 91, 108-109, 491 A.2d 368 (1985); and construes the facts in the manner most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
Count IV of the defendant's counterclaim allegedly sets forth a claim for vexatious litigation. It is clear that such a cause of action requires a termination of the underlying suit. DeLaurentis v. City of New Haven,220 Conn. 225, 251-52, 597 A.2d 807 (1991). The defendant's counterclaim against the plaintiff has not yet terminated, and therefore, Count IV fails to allege a necessary element of a cause of action in a vexatious suit. Accordingly, the plaintiff's motion to strike Count IV of the defendant's counterclaim is granted.
The motion to strike a prayer for relief should be granted if the relief demanded does not correspond to the allegations of the complaint. Van Epps v. Redfield,68 Conn. 39, 45, 35 A. 809 (1896). In Connecticut, double and treble damages can only be awarded if authorized by statute. DeMilo v. West Haven, 189 Conn. 671, 675-76,458 A.2d 362 (1983). Similarly, absent statutory or contractual authorization, an opposing party is not entitled to attorney fees; Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 652-53, 529 A.2d 702 (1987); nor is a party entitled to recovery of costs or damages for the expenses of litigation. Bross Home Construction Corporation v. Ryan Crane Service Corporation, 32 Conn. Sup. 181,182, 345 A.2d 594 (1975).
The defendant's counterclaim fails to allege any statutory or contractual basis for the recovery of treble damages, attorney fees, or the expenses of litigation. CT Page 2474 Therefore, the plaintiff's motion to strike the defendant's prayer for relief is granted.
PICKETT, J.