[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings the present action to foreclose on a mortgage. (A copy of the note is attached as exhibit A to the plaintiff's complaint. A copy of the mortgage is attached as exhibit B to the complaint.) The plaintiff is the holder of the note and mortgage by virtue of an assignment from the FDIC as receiver for Citytrust, the original mortgagee.
On April 28, 1995, the defendants filed a motion to strike (#109) paragraph three of the plaintiff's prayer for relief on the grounds that attorney's fees are not allowed to the prevailing party absent a contractual or statutory provision, and that the language of the promissory note which forms the basis of this action is insufficient to provide for the collection of attorney's fees by the plaintiff. On June 23, 1995, the plaintiff filed a memorandum in opposition.
A motion to strike may be used to test the legal sufficiency of a prayer for relief. Practice Book § 152(2); Central New HavenDevelopment Corp. v. Potpourri, Inc., 39 Conn. Sup. 132, 133,471 A.2d 681 (Super.Ct. 1983). The motion to strike a prayer for relief should be granted if the relief demanded does not correspond to the allegations in the complaint. Van Epps v. Redfield,68 Conn. 39, 45, 35 A. 809 (1896).
Absent statutory or contractual authorization, an opposing party is not entitled to attorney fees; Marsh, Day Calhoun v.Solomon, 204 Conn. 639, 652-53, 529 A.2d 702 (1987); nor is a party entitled to recover costs or damages for the expenses of litigation. Bross Home Construction Corp. v. Ryan Crane ServiceCorp., 32 Conn. Sup. 181, 182, 345 A.2d 594 (1975).
In moving to strike the plaintiff's claim for attorney's fees, the defendants rely on language in the note which provides that "[i]f Citytrust hires an attorney or collection service to collect what you owe, you agree to pay court costs, attorneys fees, and other costs of collection." The defendants argue that because the clause names Citytrust, a specific entity, and makes no reference to successors or assignees of Citytrust, the plaintiff is barred from seeking attorney's fees and costs.
In construing the provisions of the note and mortgage, the language in these documents entitle the holder of the note and mortgage to seek attorney's fees and costs with respect to the collection of the note and the foreclosure of the mortgage. The CT Page 7890 mortgage specifically provides that "the covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto." Thus, under the terms of the mortgage, the plaintiff may seek attorney's fees and costs. Accordingly, the court denies the defendants' motion to strike paragraph three of the plaintiff's prayer for relief.
RICHARD J. TOBIN, JUDGE