[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
Pursuant to Practice Book § 17-44, et seq., the defendant New Haven Register has moved for summary judgment as to all counts of the plaintiffs' complaint, dated March 7, 2000.
The plaintiff has filed an action against the defendant for publishing an article that reported the arrest of the plaintiff for Breach of Peace, General Statutes § 53a-181 and Public Indecency, General Statutes § 53a-186. The article was based on information and reports generated by law enforcement services. The plaintiff does not deny that he was arrested, but instead argues that the article was false and defamatory in describing him as having been arrested for "masturbating" because the arrest warrant did not use that term. The arrest warrant instead stated that the plaintiff had been observed holding his erect penis in his hand.
The plaintiffs complaint sounds in three counts. Count One alleges claims of libel. Count Two alleges false light invasion of privacy, and Count Three claims a negligent infliction of emotional distress.
The defendant argues that it is entitled to judgment as a matter of law because: (1) the article is entitled to the "fair reporting privilege; and/or (2) the plaintiffs failed to seek a retraction pursuant to General Statutes § 52-237[1], and cannot prove, either malice or special damages.
There is no genuine dispute to the facts. On December 23, 1998, the defendant published the article that is the subject of the plaintiffs complaint. The article reported the arrest of the plaintiff for breach of peace and public indecency. The affidavit supporting the arrest warrant stated that a woman observed the plaintiff" sitting in the driver's seat [of his car] with his penis exposed." [The woman] stated that [plaintiffs] penis appeared to be filly erect as he was holding it in one CT Page 13648 hand. While the plaintiff concedes that the arrest warrant does state he was sitting in his car with his exposed erect penis in his hand, the arrest warrant does not state that the plaintiff was seen masturbating in his car. The defendant argues that it's use of the term masturbating was consistent with the observations of the eyewitness who viewed the plaintiff with an erect penis in his hand, which indicated a state of sexual arousal.
Responses to discovery interrogatories filed by the defendant reveal that the plaintiff has not sought a retraction of the article from the defendant, and the plaintiffs only claim of pecuniary loss is his attorneys' fees, which the plaintiff argues were incurred as a consequence of his arrest and the defendant's article. The plaintiff also states that the criminal charges against him were ultimately dismissed by the Superior Court.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." HertzCorp. v. Federal Ins., Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmon Plastics Corp., 229 Conn. 99,639 A.2d 507 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225,682 A.2d 106 (1996).
Summary judgment is appropriate in defamation cases involving the media, where the prompt resolution of litigation is necessary to prevent the chilling of free speech and freedom of the press. Woodcock v. JournalPublishing Co., 230 Conn. 525 (Berdon, J., concurring); Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 477 A.2d 1005 (1984);Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 132, CT Page 13649438 A.2d 1317 (1982).
 I
The defendant New Haven Register argues that its newspaper article was privileged under the "fair report" doctrine because it accurately reported the basis of the plaintiffs arrest. The court agrees.
The privilege enjoys recognition in jurisdictions across the country and protects the public's "strong interest in receiving information about what occurs in official proceedings and public meetings that it may oversee the performance of public officials and institutions." 1 Sack on Defamation, § 7.3.2 at 7-16, 7-21 (3rd Ed. 2001). See also Cianci v.New Times Pub. Co., 639 F.2d 54, 67 (2d Cir. 1980); Doe v. Kohn, Nast Graf P.C., 886 F. Sup. 190, 194 (E.D.Pa. 1994); Restatement (Second) Torts, § 611.
The plaintiff argues that there is no authority in Connecticut for the so-called "fair reporting privilege and that no Connecticut court has even adopted such a privilege. The plaintiff contends that the case ofMiller v. News Syndicate Co., 445 F.2d 356 (2d Cir. 1971), which is cited by the defendant, does not bolster the defendant's position, as the decision is limited to a "fair and accurate report of judicial and other official proceedings" and not, as in the instant case, to using the term "masturbation" to characterize the plaintiffs alleged activity in his car. The court disagrees.
In Miller, the basis of the plaintiffs' complaints is an article which appeared in the New York Daily News describing the arrest of five persons, including Miller, on an indictment which alleged participation in a large drug smuggling syndicate. Miller was a resident of Orange, Connecticut. Miller complained that the article contained material that was "fake, malicious and defamatory." He further alleged that he demanded that the Daily News retract the article, but they refused to do so. The United States District Court for the District of Connecticut granted the defendant's motion for summary judgment finding that under General Statutes § 52-237 (1949 Rev.) Miller's request for a retraction, eleven months after publication of the article, was unreasonably late, and that his inability to prove malicious publication and his failure to allege and prove special damages prevented any recovery. Judge Blumenthal of the District Court, in granting summary judgment, also found that the article was conditionally privileged because it was "a fair and accurate report of judicial and official proceedings" and "fair comment on a matter of public interest." He found that the article did not violate the plaintiffs' right to recovery because it was protected by the defense of CT Page 13650 "newsworthiness." In affirming Judge Blumenthal, the United States Court of Appeals, Second Circuit stated that the Daily News based its story on reliable sources, which included interviews with law enforcement officials, more particularly, U.S. Customs agents. Id. at 357-58.
The defendant New Haven Register described the plaintiffs sitting in his car with his exposed erect penis in his hand as "masturbating". The facts reported by the defendant are consistent with the definition of masturbation. Webster's Third New International Dictionary at 1391, (1993) defines masturbation as "erotic stimulation involving the genital organs commonly resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse by instrumental manipulation. . . .". "On the whole, the event was newsworthy, there was no lack of checking of official sources, and any deviations from or embellishments upon the information obtained from those sources was minuscule." Miller v. News Syndicate, Co., supra at 358. "There was no showing of facts from which a finding could be made, much less a showing of clear and convincing proof that the defamatory falsehood was published with knowledge that it was false or with reckless disregard of whether it was false or not." Id. at 358; Rosenbloom v. Metromedia, Inc., 403 U.S. 29,91 S.Ct. 1811, 28 L.Ed.2d 296 (1971). The holding in Miller applies to the instant matter.
An arrest by a law enforcement officer is an official action. A report of the fact of the arrest and of the criminal charge made by a law enforcement officer and of the contents of an arrest warrant or arrest report are within the fair report privilege. Restatement (Second) Torts § 611, cmt.h. The article while not a verbatim report of the language used in the arrest warrant, captures the "gist" or "sting" of the official action. Sack on Defamation, § 7.3.2, at 7-29. A verbatim recitation of the relevant language of the arrest warrant affidavit would not have had a different effect on the reader than the language actually used in the article.
 II
The court also reviews the defendant's claim that the plaintiff failed to request a retraction of the defendant's newspaper article pursuant to General Statutes § 52-237 which provides:
"In any action for a libel the defendant may give proof of intention; and unless the plaintiff proves either malice in fact or that the defendant, after having been requested by him in waiting to retract the libelous charge, in as public a manner in which it was CT Page 13651 made, failed to do so within a reasonable time, he shall recover nothing but such actual damage as he may have specially alleged and proved."
The phrase special damages in § 52-237 means actual pecuniary losses, by contrast to the concept of general damages, which may, in appropriate cases, include general harm to reputation, injured feelings or mental anguish. Holbrook v. Casazza, 204 Conn. 336, 360, 528 A.2d 774
(1987), cert. denied, 484 U.S. 1006 (1988); Monczport v. Csongrodi,102 Conn. 448, 452, 129 A. 41 (1925); Miles v. Perry, 11 Conn. App. 584,600-01, 529 A.2d 199 (1987). The plaintiff's only pecuniary loss claimed, are the fees he paid to his attorneys. The attorneys' fees to represent the plaintiff on criminal charges do not qualify as special damages, as they were incurred as a result of the plaintiffs arrest, not the defendant's publication of an article reporting the arrests. Any additional attorneys' fees to prosecute the instant action and do not qualify as special damages as a matter of law. Theodore D. Bross LineConstruction Corp. v. Ryan Crane Serv. Corp., 32 Conn. Sup. 181 (1975). See also, Peterson v. City of Norwalk, 152 Conn. 77, 80 (1964); KaybeeCorp. v. Sanders, 1985 WL 263949 at *6 (Conn.Super. August 23, 1985. "To recover special damages, the plaintiff must prove that he suffered economic loss that was legally caused by the defendant's defamatory statements, even where the defamation is per se." "De Vito v. Schwartz,66 Conn. App. 228, 238, 784 A.2d 376 (2001); See 3 Restatement (Second), Torts § 622 (1977).
Absent special damages, the plaintiffs in order to prevail, must prove that the defendant published the article with malice-in-fact." "Malice is not restricted to hatred, spite or ill will against a plaintiff, but includes any improper or unjustifiable motive." Bleich v. Ortiz,196 Conn. 498, 504, 493 A.2d 236 (1985); See, e.g. Proto v. BridgeportHerald Corporation, 136 Conn. 557, 564, 72 A.2d 820 (1950); Corsello v.Emerson Bros., Inc., 106 Conn. 127, 132, 137 A. 390 (1927); Haxhi v.Moss, 25 Conn. App. 16, 19, 591 A.2d 1275 (1991). Connecticut courts have described the "malice-in-fact" standard as requiring proof that the statement "was . . . known to be false,' or that it was otherwise made by the defendant with "entire indifference whether [it was] true or false. . . ." Haxhi v. Moss, supra at 19-20. The defendant properly argues, therefore, that the term "malice in fact" as used in General Statutes § 52-237 is synonymous with the term "actual malice." The substance of both the actual malice and malice in fact inquiries is the same: did the defendant act with subjective knowledge that a statement was false or with reckless disregards or entire indifference to whether the statement was true or false. St. Amant v. Thompson,390 U.S. 727, 731 (1968); Woodcock v. Journal Publishing Co., CT Page 13652 supra at 537; See also Brown v. K.N.D. Corp., 205 Conn. 8,10, 529 A.2d 1292 (1987). The mere fact that the article used the term "masturbation" instead of a verbatim recitation of the language used in the arrest warrant cannot support a finding of malice.
 III
Although the court's findings above are principally directed against the plaintiff Count One libel claim, the court agrees with the defendant that they also apply to the two remaining counts of the complaint. False light privacy claims and libel claims differ with respect to the injury claimed. Defamation protects injury to reputation, while false light protects against emotional and mental anguish. However, in other respects they are essentially the same. The arguments concerning the "fair report" privilege and the retraction statute apply with equal force to the false light claim. See, e.g. Restatement (Second) Torts, § 652G (privileges applicable to defamation claim, such as fair report privilege, also apply to false light claim); Sack on Defamation § 12.3.4.2 at 12-25 to 12-26.
Second, as the defendant points out, the false light claim and the emotional distress claim merely incorporate by reference the allegations of the libel claim, and therefore, are entirely derivative of that claim. Thus they must suffer the same fate as the libel claim, see.e.g., Perugini v. Journal Publishing Co., Inc., Superior Court, judicial district of Waterbury, No. 144785 (February 25, 1999) (Leheny, J.) (granting summary judgment on emotional distress claim that was derivative of libel claim).
Accordingly, for the reasons set forth herein, the defendant New HavenRegister's motion for summary judgment as to all three counts of the plaintiffs Complaint is hereby granted.
The Court,
Arnold, J